**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0092-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL TWIAN BROWN,
a/k/a DANIEL BROWN, JR.,
and DANIEL BROWN,

     Defendant-Appellant.

_____

Submitted March 19, 2026 – Decided April 29, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 05-04-0858.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a supplemental brief on appellant's behalf.

PER CURIAM

Defendant Daniel Twian Brown appeals from a June 10, 2024 Law Division order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

## I.

Between December 28, 2004 and January 1, 2005, defendant and his co-defendants committed a string of armed robberies of various businesses, including four gas stations, a convenience store, and a catering truck. Defendant also stole three vehicles. Following his arrest, defendant confessed to all the crimes except the catering truck robbery. The offenses are detailed in our prior opinion on defendant's direct appeal, State v. Brown, No. A-2851-06 (App. Div. Aug. 7, 2009) (slip op. at 6-28), and need not be repeated here.

On June 9, 2006, a jury convicted defendant of four counts of first-degree armed robbery, N.J.S.A. 2C:2-6, :15-1 (counts two, twelve, seventeen, and twenty-four); two counts of second-degree robbery, N.J.S.A. 2C:2-6, :5-1, :15-1 (counts eight and twenty-nine); three counts of third-degree theft, N.J.S.A. 2C:2-6, :20-3 (counts one, fifteen, and sixteen); nine counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:2-6, :39-4(a)

2

(counts three, nine, thirteen, nineteen, twenty-one, twenty-five, twenty-seven, thirty, and thirty-two); six counts of third-degree unlawful possession of a rifle, N.J.S.A. 2C:2-6, :39-5(c)(2) (counts four, ten, fourteen, twenty, twenty-six, and thirty-one); three counts of third-degree possession of a handgun without a permit, N.J.S.A. 2C:2-6, :39-5(b), :58-4 (counts twenty-two, twenty-eight, and thirty-three); one count of second-degree armed burglary, N.J.S.A. 2C:2-6, :18-2 (count eleven); one count of third-degree aggravated assault, N.J.S.A. 2C:2-6, 12-1(b)(2) (count eighteen); one count of second-degree eluding, N.J.S.A. 2C:29-2(b) (count thirty-four); two counts of fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (counts thirty-five and thirty-six); and two counts of second-degree possession of a weapon by a convicted felon, N.J.S.A. 2C:39-7(b) (counts thirty-nine and forty). Counts five through seven were dismissed by the court, and counts twenty-three, thirty-seven, and thirty-eight did not apply to defendant.

At sentencing, the court merged counts three, nine, thirteen, eighteen, nineteen, twenty-one, twenty-five, twenty-seven, thirty, and thirty-two into other counts. After granting the State's motion for an extended term, the court imposed a life sentence on count seventeen, and consecutive terms on counts one, two, fifteen, seventeen, thirty-six, thirty-nine and forty, for a total term of

3

A-0092-24

life in prison plus forty-one years. The total parole ineligibility term pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, was 93 years, 8 months, and 106 days.

We reversed defendant's convictions on counts four, ten, fourteen, twenty, twenty-six, thirty-one, and thirty-nine as unsupported by the record. Brown, slip op. at 54. Because the sentences imposed on counts eight and twenty-nine exceeded the authorized term and the sentencing court did not explain its reasons for imposing consecutive terms, we reversed and remanded for resentencing. Id. at 54-55. We were unpersuaded by the remainder of defendant's challenges to his arrest and custodial statement, search of his apartment, conviction, and sentence. Ibid.

The Supreme Court granted certification on the validity of defendant's arrest and custodial statements. State v. Brown, 205 N.J. 133, 137 (2011). It affirmed and modified our decision on that issue and remanded for resentencing consistent with our opinion. Id. at 150.

On September 9, 2011, the trial court resentenced defendant to the same aggregate term previously imposed and entered an amended judgment of conviction (JOC), supported by a written statement of reasons. Defendant did not appeal from the amended JOC and instead filed his first petition for PCR.

A-0092-24

He alleged ineffective assistance based on trial counsel's direct examination of a witness, failure to fully investigate the case, and representation during the motion to suppress; and appellate counsel's failure to raise specific issues on appeal. Defendant also contended his sentence constituted cruel and unusual punishment in violation of his federal civil rights.

After conducting an evidentiary hearing at which trial counsel testified, the court denied the petition on August 30, 2012. We affirmed the order. State v. Brown, No. A-2374-12 (App. Div. May 13, 2015) (slip op. at 12).

On April 19, 2023, defendant filed a self-represented second petition for PCR and was subsequently appointed counsel. In support of defendant's claims of ineffective assistance, the petition and supporting brief claimed trial counsel failed to object to the trial court's limitation on exercising a peremptory challenge, and resentencing counsel did not appeal from the amended JOC. Defendant further alleged PCR counsel incorrectly advised him to seek PCR instead of a direct appeal of the amended JOC, failed to explain he was required to testify at the evidentiary hearing in order to establish his claims, and did not adequately question trial counsel during the evidentiary hearing.

After considering argument, the court denied the petition in a June 10, 2024 order accompanied by a written decision. The court rejected defendant's

A-0092-24

contention, raised for the first time in the second petition, trial counsel was ineffective for failing to exercise a peremptory challenge of a particular juror. The transcript of the proceeding reflected the judge addressed that juror "in relation to his concerns about nervousness," but at no time did the judge advise the parties not to exercise their peremptory challenges.

Defendant also did not demonstrate resentencing counsel was ineffective. Although the record contained correspondence between defendant and counsel about pursuing a direct appeal, the court found no proof defendant requested counsel file "an appeal which was outright denied, or not followed, by counsel." Likewise, PCR counsel's decision to pursue a petition for PCR instead of a direct appeal, which resulted from multiple discussions with defendant, did not fall below the constitutional standard.

The court also rejected defendant's argument his PCR counsel was ineffective for instructing him not to testify at his PCR hearing to address trial counsel's cross-examination of a detective. The record reflected defendant "acknowledged his decision not to testify," and "the court [wa]s not convinced that the result of the hearing would have been different if [defendant] did testify."

A-0092-24

After addressing defendant's substantive arguments, the court held the second petition was nonetheless time barred under Rule 3:22-12(a)(2)(c) as "almost eight . . . years pas[sed] since the judg[]ment of [defendant]'s first petition for a PCR. Beyond the issues which had already been litigated through [defendant]'s appeals and first PCR, the other issues raised could have been discovered through the exercise of reasonable diligence." Because defendant failed to demonstrate disputed facts or a prima facie case of ineffective assistance of counsel, the court denied his request for an evidentiary hearing.

Defendant raises the following points on appeal:

POINT I
THE INTERESTS OF JUSTICE REQUIRE EXCUSAL OF THE PROCEDURAL TIME BAR.

POINT II
AS [DEFENDANT] HAD ESTABLISHED A CASE OF PREJUDICIAL INEFFECTIVE ASSISTANCE OF TRIAL AND FIRST PCR COUNSEL, HE IS ENTITLED TO [PCR].

(1) Trial counsel failed to appeal the resentence.

(2) First PCR counsel's erroneous advice denied defendant an appeal of his resentence.

(3) First PCR counsel was ineffective by failing to argue that trial counsel was ineffective by failing to object to the trial court's improper limitation on defendant's right to exercise peremptory challenges during jury selection.

7

(4) First PCR counsel was ineffective when he discouraged defendant from testifying at the PCR evidentiary hearing.

(5) First PCR counsel's cross-examination was prejudicially ineffective when he failed to confront trial counsel about his failure to confront [a State's witness] during the suppression motion hearing.

(6) As there were genuine issues of material fact in dispute, the PCR court erred when it adjudicated defendant's PCR claims without an evidentiary hearing.

II.

Because the petition was denied without an evidentiary hearing, we review the order de novo. State v. Harris, 181 N.J. 391, 421 (2004). We review the decision to deny the petition without an evidentiary hearing for an abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 349-50 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid.

8

Because the Constitution requires "reasonably effective assistance," an attorney's performance may not be attacked unless it was not "'within the range of competence demanded of attorneys in criminal cases'" and instead "fell below an objective standard of reasonableness." Id. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

9

Pursuant to Rule 3:22-4(b), a second or subsequent petition for PCR is barred unless:

(1)     it is timely under R[ule] 3:22-12(a)(2); and

(2)     it alleges on its face either:

(A)   that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B)   that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C)   that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

Rule 3:22-12(a)(2) provides:

[N]o second or subsequent petition shall be filed more than one year after the latest of:

(A)   the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

10

> (B)   the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C)   the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The strict time bar imposed in these court rules may not be ignored or relaxed.

State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018).

As the PCR court determined, there is no question defendant's second petition was time-barred. His first petition was denied on August 30, 2012, and he filed his second petition over ten years later. Given the one-year time constraint imposed on subsequent PCR petitions, defendant's second petition is out of time.

In addition to being untimely, defendant's petition sought relief outside the permissible grounds enumerated in Rule 3:22-4(b)(2). His contentions against trial counsel and resentencing counsel were not based on a new retroactive rule of constitutional law or new information. And even if his claim of ineffective assistance of PCR counsel under Rule 3:22-4(b)(2)(C) had been timely, which it was not, it nevertheless failed to establish a claim warranting PCR.

A-0092-24

As the court found, defendant's claims against PCR counsel—for seeking PCR instead of a direct appeal of the resentencing, instructing him not to testify during the PCR hearing, and declining to attack trial counsel's cross-examination of a detective—fail to establish either prong of Strickland. Because defendant did not demonstrate a prima facie claim for relief, material issues of disputed fact, or that an evidentiary hearing was necessary, the denial of his request for a hearing was not an abuse of discretion. R. 3:22-10(b); see Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

12